IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELIJAH BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07-CV-444-WKW |
| | ) |
| THE CITY POLICE DEPT., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

In this 42 U.S.C. § 1983 action, Elijah Butler ["Butler"], a county inmate, challenges a 12-month sentence imposed upon him for a state criminal offense and the failure to provide medical treatment to him at the time of his arrest on December 17, 2006. Butler names the City of Dothan Police Department, the Houston County Magistrate Office, Julie K. Johnson, a county magistrate allegedly responsible for the challenged sentence, the Houston County Jail and city police and investigation as defendants in this cause of action. However, neither the City of Dothan Police Department, the Houston County Magistrate Office, the Houston County Jail or city police and investigation is a legal entity subject to suit or liability under section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, success on Butler's challenge to the sentence imposed upon him would necessarily impact the duration of his present incarceration and, consequently, this claim is not cognizable in a section 1983 action at this time. *Preiser v.*

*Rodriguez,* 411 U.S. 475, 500 (1973); *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994). "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998). Thus, the only claim properly before this court is Butler's allegation regarding a denial of medical treatment. As is clear from the foregoing, Butler has failed to name a defendant against whom his lack of medical treatment claim may properly proceed before this court. Accordingly, it is

ORDERED that on or before June 7, 2007 the plaintiff shall file an amended complaint which:

1. Identifies the medical need he suffered at the time of his arrest requiring treatment.

2. Names those individuals personally responsible for the alleged denial of medical treatment.

3. Specifically describes how each named defendant deprived him of medical treatment.

In responding to this order, the plaintiff is advised that he must set forth short and plain statements showing why he is entitled to relief with respect to his claim alleging a

denial of medical treatment. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. **The plaintiff is further advised that this case will proceed only on the medical treatment claim as presented in the amended complaint and against those defendants who are properly identified in the amended complaint.**

The plaintiff is cautioned that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.

Done this 23rd day of May, 2007.

        /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE